Bartley, J.
The first error assigned is, that the indictment is defective in this, that it is not averred, in either of the two counts on which the plaintiff in error was convicted, that the taking of the property therein alleged, was done with intent to rob or steal. • .
The language of the section of the statute, under which these two counts of the indictment were fi’amed, is as follows:
“ That if any person shall, forcibly and by violence, or by putting in fear, take from the person of another any money or personal property, of any value whatever, with intent to rob or steal, every person so offending shall be deemed guilty of robbery,”, etc.
Three ingredients are essential to constitute the crime of robbery :
1. The use of force and violence, or the use of means whereby the injured person is put in fear;
2. A taking from the person of another of money, or other personal property;
*3. An intent to rob or steal.
All these elements are essential, and each must exist in order to constitute the crime. The first and second, without the third, would be a simple trespass; the third, without the first and second, would be a bare intent to commit a crime without the overt act; and the second and third, without the first, would be a simple larceny.
In the case under consideration, the corpus delicti is averred, in the two counts of the indictment on which the plaintiff in error was convicted, as follows:
“3. . . . Washington Matthews, ... on the seventh day of August, in the year 1854, ... in the county of Butler, . . . .in and upon the said Owen McArdle, . . . feloniously did make an assault, and him, the said Owen McArdle, by violence, in bodily fear and danger of his life, . . . then and there feloniously did put; and three twenty-dollar gold pieces, of the value of twenty dollars each, of the personal property of the said Owen McArdle, from the and the will of the said Owen *542 McArdle, . . , then and there feloniously and violently did seize, take, and carry away, contrary,” etc.
“4. . . . Washington Matthews, ... on the seventh day of August, in the year 1854, . .' . in the county of Butler, . . . in and upon the said Owen McArdle, . . . did unlawfully make an assault, and him, the said Owen McArdle, in bodily fear and danger of his life, . . . then and there feloniously did put; and three twenty-dollar gold coins, of the value of twenty dollars each, of the personal property of the said Owen McArdle, from the person and against the will of the said Owen McArdle, . . . then and there feloniously and violently did seize, take, and carry away, contrary,” etc.
The first two constituents of the crime are sufficiently set out in each of these counts; but the proper averment of the intent *is omitted. Whenever a particular intent constitutes an element of a crime, it is essential that it be substantially averred in the indictment. It is true that in the case of Turner v. The State of Ohio, 1 Ohio St. 422, it was held, that where an indictment for robbery avers an actual stealing, the requisite intent is, ex vi termini, included, the term steal, in its legal signification, importing a larceny. But the words of this indictment, “ did seize, take, and carry amay,” import a trespass, but do not express a larceny. And the deficiency is not helped by the word “ feloniously ” which is used. The predicate of an act that it is felonious, is simply to assert a legal conclusion, as to a quality of the act; and unless the act' charged of itself imports a felony, it is not made so by the application of this epithet. Indeed, the term felony has no distinct and well-defined meaning applicable to our system of criminal jurisprudence. In England, it has a well-known and extensive signification, and comprises every species of crime which, at common law, worked a forfeiture of goods and lands. But under our criminal code, the word felonious, although occasionally used, expresses a signification no less vague and indefinite than the word criminal.
Both of the counts of the indictment therefore upon which the plaintiff in error was convicted, are fatally defective. Other errors are assigned, but it is not necessary to go further in this ease.

Judgment of common pleas reversed, and cause remanded.